UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DESMOND QUICK,

                                    Plaintiff,

            v.                                          9:16-CV-0807
                                                        (BKS/DJS)

JOHN MINALE, et al.,

                                    Defendants.
_____

APPEARANCES:

DESMOND QUICK
03-B-1945
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        The Clerk has sent to the Court an amended civil rights complaint and application to

proceed in forma pauperis filed by pro se plaintiff Desmond Quick pursuant to 42 U.S.C. §

1983 ("Section 1983").  Dkt. No. 14 ("Am. Compl.");[1] Dkt. No. 7 ("IFP Application").[2]  Plaintiff

is currently incarcerated in the custody of the New York State Department of Corrections and

_____

        [1]  After plaintiff submitted his complaint, he submitted an amended complaint, which the Court will review
in place of the original complaint.  "It is well established that an amended complaint ordinarily supersedes the
original and renders it of no legal effect."  *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l
Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).

        [2]  Plaintiff has one other civil action pending in the Northern District of New York.  *See Quick v. Annucci*,
No. 9:16-CV-0958 (GTS/CFH) (filed on August 1, 2016).

Community Supervision ("DOCCS") at Great Meadow Correctional Facility ("Great Meadow C.F.") and has not paid the statutory filing fee. Plaintiff has also filed a motion for preliminary injunctive relief and a motion to preserve evidence in support of his request for preliminary injunctive relief. Dkt. Nos. 4, 10.

## II.    DISCUSSION

### A.    IFP Application

Upon review of plaintiff's IFP Application (Dkt. No. 7), the Court finds that plaintiff has demonstrated sufficient economic need and may commence this action without prepayment of the filing fee. Plaintiff has also filed the inmate authorization form required in this District. Dkt. No. 3. Accordingly, plaintiff's IFP Application is granted.[3]

### B.    Initial Screening

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[4] Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to

---

[3]    "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

[4]    To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

proceed with this action in forma pauperis.  *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the

3

allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

### C. Summary of the Amended Complaint

Plaintiff asserts allegations of wrongdoing that occurred while he was incarcerated at Great Meadow C.F. *See generally* Am. Compl. The following facts are set forth as alleged by plaintiff in his amended complaint. In 2013, prior to his transfer to Great Meadow C.F., plaintiff filed a Section 1983 action in the Southern District of New York against the Executive Director of the Central New York Psychiatric Center and the Superintendent of Green Haven Correctional Facility alleging that they had denied him adequate mental health treatment. Am. Compl. at 7. Plaintiff also filed several civil lawsuits in the Northern District of New York against DOCCS staff. *Id*. at 7-9.[5]

On June 5, 2016, plaintiff was placed in the Behavioral Health Unit ("BHU") at Great

---

[5] A review of plaintiff's litigation history in the Northern District of New York indicates that, in addition to this case and another action that plaintiff currently has pending which was filed after this action, *see* n.2, *supra*, plaintiff filed three other Section 1983 actions in this District. *See Quick v. Quinn*, No. 9:12-CV-1529 (DNH/DEP) (filed October 9, 2012 against staff at Auburn Correctional Facility); *Quick v. Graham*, No. 9:12-CV-1717 (DNH/ATB) (filed November 21, 2012 against staff at Auburn Correctional Facility); and *Quick v. Omittee*, No. 9:14-CV-1503 (TJM/CFH) (filed December 12, 2014 against staff at Marcy Correctional Facility).

Meadow C.F. Am. Compl. at 10.[6] Defendant Minale was assigned to be plaintiff's mental health therapist. *Id*. Defendant Minale diagnosed plaintiff with two new conditions, namely Impulse Control Disorder and Child Abuse. *Id*. About two weeks later, plaintiff was assigned a new mental health therapist, defendant Maleski. *Id*. Plaintiff told defendant Maleski that defendant Minale had not even spoken to plaintiff before labeling him as suffering from Impulse Control Disorder and Child Abuse. *Id*. Defendant Maleski "told plaintiff she was not changing the diagnosis that Minale gave" him. *Id*. Plaintiff believes that defendants Minale and Maleski gave him the new diagnoses "to make Plaintiff seem unruly and uncontrollable so that correctional security officers . . . can beat plaintiff by attacking [him] first saying that Plaintiff attacked them." *Id*. at 10-11

On February 11, 2016, plaintiff was threatened by defendant Wood because Wood believed that plaintiff had engaged in lewd conduct. Am. Compl. at 11. On February 19, 2016, defendant Clarke stepped on plaintiff's toes "extremely hard;" told plaintiff "how he would fuck [plaintiff] up" and described how he could arrange it. *Id*.[7] Defendant Clarke also said that he "hates people who do lewd conduct", plaintiff should be in an exposure suit, and plaintiff needs to "stop coming out of [his] cell." *Id*.

On February 19, 2016, defendant Gibbs was escorting plaintiff from the program area and "made his entire body fall into Plaintiff[']s" and told plaintiff that he "better stay in [his] fucking cell." Am. Compl. at 12. On February 22, 2016, when plaintiff was leaving the

---

[6] It appears that plaintiff was already at Great Meadow C.F. prior to this date. *See Quick v. Graham*, No. 9:12-CV-1717 (DNH/ATB), Dkt. No. 136 (plaintiff's notice dated January 10, 2016, that he was transferred to Great Meadow C.F.).

[7] The caption and the party listing in the amended complaint refer to this defendant as "Clarke" but in the body of the amended complaint, plaintiff spells this defendant's name as "Clark." The Court will refer to this defendant as he is listed in the caption.

5

program area in the BHU, defendant Jenkins "started bending [plaintiff's] wrist and shoving [him]." *Id*. Defendant Jenkins told plaintiff to "shut the fuck up" and said that he was tired of plaintiff coming out to program, and that plaintiff needed to be in an exposure suit. *Id*. Defendant Jenkins then forced plaintiff against the wall and threatened him saying "Don[']t worry you like to come out to program we[']ll get you off the unit and fuck you up." *Id*. Plaintiff was escorted back to his cell by defendant Hart, who stepped on plaintiff's foot, claiming that he was sorry that he stepped on plaintiff's foot by accident. *Id*. Defendant Gibbs told plaintiff that "this will happen every time" if you keep coming out of your cell. *Id*.

Defendant Jenkins pushed and tripped plaintiff repeatedly on August 4, 2016, and said that he wanted plaintiff "to go off the BHU camera so he could beat [plaintiff's] ass." Am. Compl. at 13.

On August 24, 2016, defendants Gibbs and Hart grabbed plaintiff as he was leaving his cell to go to programs "and used force throwing plaintiff in his cell" without any provocation in order "to deny Plaintiff his daily Office of Mental Health programs." Am. Compl. at 14. Since the August 24, 2016 incident, defendant Hart continues to threaten plaintiff with harm whenever he tries to escort plaintiff to his "Mental Health Programs." *Id*. As a result, on August 31, 2016, and September 6, 2016, plaintiff refused to leave his cell to attend programs when defendant Hart came to escort him. *Id*.

Plaintiff requests monetary damages and injunctive relief. Am. Compl. at 16. For a more complete statement of plaintiff's claims, refer to the amended complaint.

Construing the amended complaint liberally, plaintiff alleges the following claims: (1) Eighth Amendment medical indifference claims against defendants Minale, Maleski, Wood,

Hart, Clarke, Gibbs, and Jenkins; (2) Eighth Amendment excessive force claims against defendants Clarke, Gibbs, Jenkins, and Hart; and (3) claims that defendants Minale, Maleski, Wood, Hart, Clarke, Gibbs and Jenkins conspired to deprive plaintiff of his constitutional rights and retaliated against him.[8]

## D.    Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

### 1.  Eighth Amendment Medical Indifference Claims

To state an Eighth Amendment claim for medical indifference, a plaintiff must allege

---

[8]  Rule 10(a) of the Federal Rules of Civil Procedure provides that, "the title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  A party not named in the caption of the complaint is not a party to the action.  *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims).  Plaintiff names "McDonald" in his causes of action.  Am. Compl. at 15.  Plaintiff does not however include "McDonald" as a defendant in the caption of his amended complaint or in the list of parties.  The Court does not consider McDonald to be a party to this action.  Moreover, plaintiff alleges only that McDonald told plaintiff that "we don't fight fair."  Am. Compl. at 12.  Even accepting this allegation as true, plaintiff alleges at best that McDonald harassed or threatened him, which by itself fails to state a claim under Section 1983.  "'Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under § 1983.'"  *McCarroll v. Matteau*, No. 9:09-CV-0355 (NAM/GHL), 2010 WL 2346327, at *5 (N.D.N.Y. May 17, 2010) (quoting *Jermosen v. Coughlin*, 878 F. Supp. 444, 449 (N.D.N.Y. 1995).

that the defendant was deliberately indifferent to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference has two necessary components, one objective and the other subjective. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The objective component of an Eighth Amendment deliberate indifference claim "requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway*, 99 F.3d at 553) (internal quotation marks omitted). Under the subjective element, medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F. 3d 698, 703 (2d Cir. 1998) (quoting *Hathaway*, 99 F.3d at 553). "Deliberate indifference requires more than negligence but less than conduct undertaken for the very purpose of causing harm." *Hathaway*, 37 F.3d at 66. To assert a claim for deliberate indifference, an inmate must allege that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702. The inmate must also demonstrate that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U .S. at 835; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'"). An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle*, 429 U.S. 97, 105-06 (1976).

### a. Defendants Minale and Maleski

"It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703. "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.*; *Graham v. Gibson,* No. 04-CV-6088, 2007 WL 3541613, at *5 (W.D.N.Y. Nov. 14, 2007) ("Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation."); *Jones v. Westchester Cnty. Dept. of Corrs. Med. Dept*., 557 F. Supp. 2d 408, 413 (S.D.N.Y. 2008) (The word "adequate" reflects the reality that "[p]rison officials are not obligated to provide inmates with whatever care the inmates desire. Rather, prison officials fulfill their obligations under the Eighth Amendment when the care provided is 'reasonable.'"). Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs*., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); *see also Estelle*, 429 U.S. at 107 (noting that medical decisions such as whether or not to order X-rays or other "diagnostic techniques" do not rise to the level of cruel and unusual punishment but are, at most, indicative of medical malpractice). Here, plaintiff does not allege that defendants Minale and Maleski denied him mental health treatment. Instead, plaintiff expresses his dissatisfaction with the new mental health diagnoses that he received from them. Am. Compl. at 10-11. Construed liberally, the amended complaint alleges at best, a disagreement with the care given to him by defendants Minale and Maleski, which does not state a claim under Section 1983.

The Eighth Amendment medical indifference claims against defendants Minale and

Maleski are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### b. Defendants Wood, Clarke, Gibbs, Jenkins, and Hart

Plaintiff alleges that defendants Wood, Clarke, Gibbs, Jenkins, and Hart have "interfered" with plaintiff's medical and mental health treatment by "harassing, threatening, and intimidating" when he tried to go for medical or mental health treatment. Am. Compl. at 15. With respect to defendants Clarke, Gibbs, Jenkins, and Hart, plaintiff alleges among other things that each of these defendants threatened that plaintiff should stop coming out of his cell and/or threatened to harm him if he did. *See* Am. Compl. at 11-14. At this early stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment medical indifference claims against defendants Clarke, Gibbs, Jenkins, and Hart survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

With respect to defendant Wood, plaintiff only alleges that he harassed plaintiff because he believed that plaintiff had engaged in lewd conduct. Am. Compl. at 11. This allegation is insufficient to plausibly suggest that defendant Wood interfered with plaintiff's medical or mental health treatment. Thus, the Eighth Amendment medical indifference claim against defendant Wood is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Eighth Amendment Excessive Force Claims

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the

hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle*, 429 U.S. at

104. This includes punishments that "involve the unnecessary and wanton infliction of pain."

*Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Eighth Amendment's prohibition against

cruel and unusual punishment encompasses the use of excessive force against an inmate,

who must prove two components: (1) subjectively, that the defendant acted wantonly and in

bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards

of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations

omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).[9]

The amended complaint alleges that (1) defendant Clarke stepped on plaintiff's toes

"extremely hard" and told plaintiff "how he would fuck [plaintiff] up" and how he could arrange

it; (2) defendant Gibbs "made his entire body fall into plaintiff['s]" and told plaintiff that he'd

"better stay in [his] fucking cell;" (3) defendant Jenkins bent plaintiff's wrist, shoved him,

forced him against the wall, and threatened to "fuck plaintiff up;" and (4) defendants Gibbs

and Hart threw plaintiff into his cell without any justification. Am. Compl. at 11-14. At this

early stage of the proceeding, and mindful of the Second Circuit's direction that a pro se

plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff*, 537 F.3d at 191, the

Court finds that plaintiff's Eighth Amendment excessive force claims against defendants

Clarke, Gibbs, Jenkins, and Hart survive sua sponte review and require a response. In so

ruling, the Court expresses no opinion as to whether these claims can withstand a properly

---

[9] In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

filed dispositive motion.

### 3. Conspiracy Claims

A conspiracy claim under Section 1983 must allege that: (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on plaintiff and (2) an overt act was committed in furtherance of that goal. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *Ciambriello*, 292 F.3d at 325; *see also Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Brown v. City of Oneonta,* 106 F.3d 1125, 1133 (2d Cir. 1997) (complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief). To state a conspiracy claim, plaintiff "must provide some factual basis supporting a meeting of the minds." *See Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003). Thus, plaintiff must "make an effort to provide some details of time and place and the alleged effects of the conspiracy . . . [including] facts to demonstrate that the defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Warren v. Fischl*, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999) (citations omitted).

Here, plaintiff does not assert any facts giving rise to a conspiracy, but instead states in wholly conclusory fashion that defendants "have conspired to deprive [his] rights guaranteed by Federal Statute 42 U.S.C, § 1983." Am. Compl. at 15. Aside from this conclusory statement, the amended complaint alleges no facts upon which it may be plausibly inferred that the defendants came to an agreement, or a "meeting of the minds," to

violate plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 680-81 (allegations that the defendants "willfully and maliciously agreed to subject" the plaintiff to harsh conditions of confinement "solely on account of his religion, race, and/or national origin" found conclusory); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (dismissal of "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights" is proper).

The conspiracy claims against defendants Minale, Maleski, Wood, Hart, Clarke, Gibbs, and Jenkins are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 4. First Amendment Retaliation Claims

Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To state a plausible claim, a plaintiff asserting a First Amendment retaliation claim must advance "non-conclusory" allegations establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Davis*, 320 F.3d at 352 (quoting *Dawes*, 239 F.3d at 492). "[A] complaint which alleges retaliation in wholly conclusory terms

13

may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

Construed liberally, plaintiff alleges that defendants retaliated against him by "giving [him a] false Mental Health Diagnosis" and by interfering with his access to mental health programs and medical treatment. Am. Compl. at 15. Plaintiff appears to claim that defendants' alleged misconduct was in retaliation for lawsuits that plaintiff had filed in the Southern District of New York in 2013 and in the Northern District of New York in 2012 and 2014. Am. Compl. at 7-9; *see also* n.5, *supra*. The filing of a lawsuit is a constitutionally protected activity, thus plaintiff meets the first prong of the retaliation standard. *Baskerville v. Blot*, 224 F. Supp. 2d 723, 731 (S.D.N.Y. 2002) (citing cases).

The amended complaint contains no facts whatsoever to suggest there is any causal connection between the misconduct of the defendants named in the amended complaint and the lawsuits plaintiff filed over two years before. Plaintiff fails to allege any facts that would support a finding that any of the defendants were personally motivated by civil lawsuits filed by plaintiff with which they have no apparent connection. None of the defendants were parties to the earlier lawsuits and the events alleged in those lawsuits did not arise at Great Meadow C.F. where the defendants are employed. *See* Am. Compl. at 7 (noting that the 2013 Southern District of New York lawsuit was against the Executive Director of the Central New York Psychiatric Center and the Superintendent of Green Haven Correctional Facility); *see also* n.5, *supra* (describing plaintiff's previous civil actions filed in the Northern District of New York as asserting claims against employees of Auburn Correctional Facility and Marcy Correctional Facility). Indeed, plaintiff alleges nothing to plausibly suggest that the defendants even knew of the previous lawsuits. Generally, alleged retaliation motivated by

14

an action the prisoner took which did not personally involve the prison officials is insufficient for a retaliation claim.  *See Ortiz v. Russo*, No. 13 CIV. 5317, 2015 WL 1427247, at *12 (S.D.N.Y. Mar. 27, 2015) (granting motion to dismiss retaliation claim where plaintiff "fail[ed] to allege any facts that would support a finding that [the defendants] were personally motivated by the dismissal of an earlier grievance they have no apparent connection with") (citing, *inter alia*, *Wright v. Goord*, 554 F.3d 255, 274 (2d Cir. 2009) (dismissing a pro se prisoner's claim that he was assaulted by the defendant in retaliation for an earlier letter he wrote which did not name or address defendant)*; Hare v. Hayden*, No. 09 CIV. 3135, 2011 WL 1453789, at *4 (S.D.N.Y. Apr.14, 2011) ("As a general matter, it is difficult to establish one defendant's retaliation for complaints against another defendant.")).  Finally, plaintiff claims that defendants' alleged retaliatory actions occurred at least two years and up to four years after the lawsuits that plaintiff refers to were filed, diminishing any suggestion of a causal connection.  *See Ortiz*, 2015 WL 1427247, at *12 (granting motion to dismiss retaliation claim citing protected activity that occurred three years before the alleged misconduct as "generally insufficient to satisfy the causal connection requirement for a retaliation claim") (citing *Spavone v. Fischer*, No. 10 CIV. 9427, 2012 WL 360289, at *5 (S.D.N.Y. Feb. 3, 2012) (finding fifteen months inadequate to establish a causal connection through temporal proximity); *Crawford v. Braun*, No. 99 CIV 5851, 2001 WL 127306, at *6 (S.D.N.Y. Feb. 9, 2001) (describing a lapse of seven months as too "attenuated" for purposes of temporal proximity)).

The First Amendment retaliation claims against defendants Minale, Maleski, Wood, Hart, Clarke, Gibbs, and Jenkins are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### E.     Motion for Preliminary Injunctive Relief

"In general, district courts may grant a preliminary injunction where a plaintiff

demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a

likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of

its claims to make them fair ground for litigation, plus a balance of the hardships tipping

decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State*

*Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d  Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589

F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving

party seeks a "mandatory injunction that alters the status quo by commanding a positive act,"

the burden is even higher.  *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 406 (2d Cir. 2011) (citing

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35

n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction

"should issue only upon a clear showing that the moving party is entitled to the relief

requested, or where extreme or very serious damage will result from a denial of preliminary

relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts*., 598 F.3d at 35 n.4) (internal

quotation marks omitted)); *see also Tom Doherty Assocs., Inc*. *v. Saban Entertainment, Inc.*,

60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a

"clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The

same standards used to review a request for a preliminary injunction govern consideration of

an application for a temporary restraining order.  *Local 1814, Int'l Longshoremen's Ass'n,*

*AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v.*

*Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).  The district

court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore*

*v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).[10]

Plaintiff claims that he has been continuously "threatened [with assault and with being set up] by corrections security staff on numerous occasions." Dkt. No. 4 at 7; *see also* Dkt. No. 16 (submission in support of request for preliminary injunctive relief). Plaintiff alleges that at the last three correctional facilities that he was housed at, there were "numerous threats" and "numerous incidents." Dkt. No. 4 at 8. Plaintiff claims that he "is at high risk to be assaulted and [to] have excessive force used on him." *Id*. at 3. Plaintiff requests a court order directing Anthony Annucci, the Commissioner of DOCCS; Christian Miller, Superintendent, Great Meadow C.F.; and Rod Eastman, Deputy Superintendent, Great Meadow C.F., to record all of plaintiff's movements by handheld audio-video camera whenever plaintiff is not in range of the facility security cameras. *Id*. at 1.[11]

Construed liberally, plaintiff claims that has been denied the right to reasonable safety in violation of Eighth Amendment. Because an alleged violation of a constitutional right "triggers a finding of irreparable harm," the Court **will assume for purposes of this motion only** that plaintiff satisfies the requirement that a party applying for a preliminary injunction demonstrate irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996); *see also Statharos v. New York City Taxi and Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary.").

---

[10] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

[11] Plaintiff's caption for this motion names Annucci, Miller, and Eastman as purported defendants, but they are not parties to this action. *Compare* Dkt. No. 4 at 1 *with* Am. Compl. at 1-3.

Initially, the Court notes that plaintiff seeks injunctive relief against three persons who are not parties to this action. *See* Dkt. No. 4 at 1, 11; *see also* n.11, *supra*. However, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Assoc., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Moreover, plaintiff has failed to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Additionally, since no defendants have answered, and, indeed, have not been served, the Court cannot ascertain plaintiff's likelihood of success, or whether he has otherwise met the standard for issuance of preliminary injunctive relief.

Thus, plaintiff's motion for preliminary injunctive relief (Dkt. No. 4) is denied.

As a final matter, plaintiff seeks a court order "to preserve the audio/video camera CD's" that he has sought through a Freedom of Information Law request "to use as evidence" in support of his request for preliminary injunctive relief. Dkt. No. 10. Because plaintiff's motion for preliminary injunctive relief has been denied, the request to preserve

alleged evidence is support thereof is denied.

Despite denying plaintiff's request to preserve evidence, the Court notes that "anyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary. 'While a litigant is under no duty to keep or retain every document in its possession . . . it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.'" *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (citing *Turner v. Hudson Transit Lines, Inc*., 142 F.R.D. 68, 72 (S.D.N.Y. 1991) (quoting *William T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984))). In this instance, defendants have not been served with a summons and amended complaint and have not appeared. However, defendants are likely to be represented by the Office of the New York State Attorney General, which will receive a courtesy copy of this Decision and Order, and which should take note of its potential clients' obligation to preserve relevant evidence.

III. **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 7) is **GRANTED**.[12] The Clerk shall provide the Superintendent of the facility that plaintiff has designated as his current location with a copy of plaintiff's inmate authorization form (Dkt. No. 3) and notify that official that plaintiff has filed this action and is required to pay to the Northern District of New York the

---

[12] Although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's inmate authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the amended complaint (Dkt. No. 14) is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Eighth Amendment medical indifference claims and the Eighth Amendment excessive force claims against defendants Clarke, Gibbs, Jenkins, and Hart survive sua sponte review and require a response; and it is further

**ORDERED** that all remaining claims are **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[13] and it is further

**ORDERED** that defendants Minale, Maleski, and Wood are **DISMISSED without prejudice** as defendants; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Clarke, Gibbs, Jenkins, and Hart.  The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint be filed by defendants Clarke,

---

[13] Should plaintiff seek to pursue any of the claims dismissed without prejudice, he must file a second amended complaint.  Any second amended complaint, which shall supersede and replace the amended complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.  A second amended complaint must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

Gibbs, Jenkins, and Hart, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion to preserve evidence (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: October 20, 2016
      Syracuse, NY

Brenda K. Sannes
U.S. District Judge

21